UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MAGGIE RUSSELL,**                                                                                      **PLAINTIFF**

VS.                                                                     CASE NO. _____

**MISSISSIPPI GULF COAST**
**COMMUNITY COLLEGE through its**
**Board of Trustees (in their official**
**and individual capacities) and**
**DOES 1-20, inclusive,**                                                                              **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

**COMES NOW** the Plaintiff, MAGGIE RUSSELL, by and through her attorneys, The Law Office of Keith Altman and the Diaz Law Firm, PLLC, to file her Complaint against Defendant MISSISSIPPI GULF COAST COMMUNITY COLLEGE through its Board of Trustees (in their official and individual capacities), and hereby states the following:

**BACKGROUND**

1. This is an action seeking damages for Defendant's violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

2. Plaintiff Maggie Russell ("RUSSELL") suffers from a learning disability known as dyscalculia. Many characteristics of dyscalculia prevent RUSSELL from being able to process or analyze numbers. For example, practognostic dyscalculia is a type of dyscalculia characterized by difficulty translating an abstract mathematical concept into a real concept. RUSSELL's condition also includes verbal, lexical, graphical, ideological, and operational dyscalculia.

3. While RUSSELL was enrolled at Mississippi Gulf Coast Community College ("MGCCC"), RUSSELL's dyscalculia rendered her unable to complete College Algebra, a

**COMPLAINT**                                                           - 1 -

required class for graduation. MGCCC ultimately failed to provide a substitute for this required class, and RUSSELL could not graduate with her degree. Thus, MGCCC discriminated against RUSSELL by allowing RUSSELL's Dyscalculia to prevent her from earning her degree.

## PARTIES

4. This Complaint is filed by Plaintiff Maggie Russell ("RUSSELL"), a Harrison County, Mississippi resident, who is a former student of Defendant Mississippi Gulf Coast Community College. RUSSELL is a disabled person. She has been diagnosed with Asperger's, Autism, Reading Comprehension Deficits, Dyscalculia, Depression, and PTSD.

5. Defendant Mississippi Gulf Coast Community College ("MGCCC") is a public community college located at several campuses within the State of Mississippi. MGCCC receives federal funding as a public institution. As such, it is subject to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. MGCCC is governed through its Board of Trustees.

6. Defendant DOES 1 – 20 are or were at all times relevant to this case employees or agents of Defendant Mississippi Gulf Coast Community College ("MGCCC"). Their names and whereabouts are unknown at this time.

## JURISDICTION & VENUE

7. This action arises under the laws of the United States. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

8. This action arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101 et seq., amended by the Americans with Disabilities Amendments Act (ADA-AA) with an effective

date of January 1, 2009, which, at Title II of the ADA, prohibits discrimination in the provision of public services. Section 202 of the Act, 42 U.S.C. §12132 (Supp.1991), the Rehabilitation Act of 1973, §§504 and 505, as amended, 29 U.S.C.A. §§794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under §504 to conform to the definition of "disability" under ADA-AA. Both the ADA and §504 prohibit retaliation against persons with disabilities.

9. This Court properly exercises personal jurisdiction over MGCCC because it is domiciled within the State of Mississippi and conducts business within the State of Mississippi.

10. Venue in this action is proper in the District Court because the events relevant to this action occurred primarily within the geographical confines of the Southern District of Mississippi.

### FACTUAL ALLEGATIONS

11. RUSSELL was first diagnosed with Autism at age three. Later, she was diagnosed with Asperger's Syndrome, Reading Comprehension Deficit, Dyscalculia, Depression, and Post-traumatic Stress Disorder (PTSD).

12. Creating art is very important to RUSSELL. She strived to obtain a Fine Arts Degree from MGCCC.

13. At MGCCC, RUSSELL performed exceptionally well, earning a 3.60 GPA over the 93 semester hours she completed.

14. However, RUSSELL's dyscalculia renders her unable to process and analyze numbers correctly. Because of her Dyscalculia, RUSSELL could not complete College Algebra, a required class for graduation.

15. On June 19, 2018, RUSSELL's mother, Susan Russell, submitted a request on behalf of RUSSELL to MGCCC requesting a waiver, substitution, or comparable course instead of College Algebra.

16. On October 10, 2018, in response to this request, MGCCC and the U.S. Department of Education's Office of Civil Rights ("OCR") entered into a resolution agreement regarding RUSSELL's algebra class without RUSSELL's knowledge or her consent to the specific terms of the agreement. The agreement offered the following courses as substitutes for College Algebra.

OPTION A: MAT1753 – Quantitative Reasoning.

OPTION B: A course sequence of CSC 1231 – Visual Basic Programming and PHY 2244 – Physical Science I (which RUSSELL had already completed), and ECO 2112 – Economics.

OPTION C: A course sequence of CSC 1213 – Visual Basic Programming and PHY 2244 – Physical Science I (which RUSSELL had already completed), and MAT 2323 – Statistics.

OPTION D: MAT1314 – College Algebra.

17. The Quantitative Reasoning course in Option A included algebra in its course description, which ruled out this option as a substitute for RUSSELL.

18. While RUSSELL was able to complete the Economics course included in Option B, the class Visual Basic Programming required RUSSELL to complete Intermediate Algebra, which was not possible due to her dyscalculia.

19. Because Visual Basic Programming was a part of Options B and C, RUSSELL's inability to take this class ruled out her ability to do Option B or Option C.

20. With Options A, B, and C ruled out, RUSSELL was left with no substitute for College Algebra.

21. On November 15, 2020, Susan Russell filed an appeal to OCR requesting a waiver for RUSSELL regarding College Algebra. The appeal was denied with reference to the above-stated resolution agreement.

22. After successfully completing all of the other requirements for her degree, MGCCC denied RUSSELL's graduation because she had not completed College Algebra.

## FIRST CAUSE OF ACTION
### Violation of Title II of The Americans with Disabilities Act

23. RUSSELL incorporates by reference the facts alleged in Paragraph Nos. 11 through 22 of this Complaint in their entirety.

24. MGCCC is a public community college.

25. MGCCC receives federal funding as a public institution.

26. MGCCC is subject to Title II of the Americans with Disabilities Act.

27. RUSSELL is a disabled person who has been diagnosed with Dyscalculia, among other conditions. Dyscalculia is a learning disability that substantially limits RUSSELL's ability to engage in major life activities, such as learning and reading. Particularly, RUSSELL's Dyscalculia renders her almost totally incapable of processing or analyzing written numbers. This is because of her inability to grasp and remember math concepts, rules, formulas, sequencing, and strategic thinking. Thus, due to RUSSELL's Dyscalculia, she cannot successfully participate in traditional math classes, such as College Algebra.

28. RUSSELL is a very high achieving student. She generally received A's and B's during high school. Based on her academic merits, she was admitted to MGCCC. RUSSELL

continued to earn above-average grades during her time at MGCCC. Thus, RUSSELL's ability to succeed academically at MGCCC was never an issue - except with respect to her dyscalculia.

29. The only reason why RUSSELL could not graduate from MGCCC was that she could not take, and successfully complete College Algebra as required, due to her dyscalculia.

30. Despite being aware of RUSSELL's dyscalculia, MGCCC did not provide her with any adequate substitution options for College Algebra.

31. MGCCC left RUSSELL unable to complete her degree despite her spending the significant amount of time required to successfully complete all of the other requirements for a fine arts degree.

32. MGCCC actions prevented RUSSELL from graduating and obtaining her hard fraught degree due to her dyscalculia,

33. Because MGCCC failed to accommodate RUSSELL's dyscalculia, MGCCC discriminated against her based on her disability.

34. As a result of MGCCC's actions, RUSSELL was prevented from pursuing educational opportunities otherwise available to her.

35. As a direct and proximate result of MGCCC's actions, RUSSELL has suffered severe emotional distress and has been derailed from pursuing her desired career path.

## SECOND CAUSE OF ACTION
### Violation of Section 504 of the Rehabilitation Act of 1973

36. RUSSELL incorporates by reference the facts alleged in Paragraph Nos. 11 through 22 of this Complaint in their entirety.

37. MGCCC is a public community college.

38. MGCCC receives federal funding as a public institution.

**COMPLAINT** - 6 -

39. MCGCC is subject to Section 504 of the Rehabilitation Act of 1973.

40. RUSSELL is a disabled person who has been diagnosed with dyscalculia, among debilitating conditions. Dyscalculia is a learning disability. Dyscalculia substantially limits RUSSELL's ability to engage in major life activities, such as learning and reading, as well as impacting her ability to reason, memory and has caused visual-spatial and cognitive deficits. Particularly, RUSSELL's dyscalculia renders her almost totally incapable of processing or analyzing written numbers. Thus, due to RUSSELL's dyscalculia, she cannot participate in traditional math classes, such as College Algebra.

41. RUSSELL is a very high achieving student. She generally received A's and B's during high school. Based on her academic merits, she was admitted to MGCCC. RUSSELL continued to earn above-average grades during her time at MGCCC. Thus, RUSSELL's ability to succeed academically at MGCCC was never an issue - except with respect to her dyscalculia.

42. The only reason why RUSSELL could not graduate from MGCCC was that she suffers from dyscalculia.

43. Despite being aware of RUSSELL's dyscalculia, MGCCC did not provide her with any adequate substitution options for College Algebra.

44. Because MGCCC failed to accommodate RUSSELL's dyscalculia, MGCCC discriminated against her based on her disability.

45. As a result of MGCCC's actions, RUSSELL was prevented from pursuing educational opportunities otherwise available to her.

46. As a direct and proximate result of MGCCC's actions, RUSSELL has suffered severe emotional distress and has been derailed from pursuing her desired career path.

## PRAYER FOR RELIEF

**WHEREFORE**, RUSSELL requests that this Court grant her relief as follows:

a. Compensatory damages for financial loss, humiliation, mental anguish, and emotional distress.

b. Punitive damages against MGCCC.

c. Attorneys' fees.

d. Costs of the suit.

e. Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

RUSSELL hereby demands a trial by jury on all issues stated in this action.

Dated:
April 11, 2022

Respectfully Submitted,

/s/ James R. Segars, III
James R. Segars, III, Esq. (MSB # 103605)
Gerald J. Diaz, Jr., Esq. (MSB # 6063)
Christopher P. Williams, Esq. (MSB # 10774)
DIAZ LAW FIRM, PLLC
208 Waterford Square, Suite 300
Madison, Mississippi 39110
Telephone: (601) 607-3456
tripp@diazlawfirm.com
joey@diazlawfirm.com
chris@diazlawfirm.com

/s/ Keith Altman
Keith Altman, Esq. (*pro hac vice applied for*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com