IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAGGIE RUSSELL                                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:22-cv-00086-TBM-RPM

MISSISSIPPI GULF COAST COMMUNITY                          DEFENDANTS
COLLEGE through its Board of Trustees
(in their official and individual capacities) and
DOES 1-20; inclusive

**ANSWER AND DEFENSES OF DEFENDANT**
**MISSISSIPPI GULF COAST COMMUNITY COLLEGE**

COMES NOW, Defendant Mississippi Gulf Coast Community College, (hereinafter

"Defendant") by and through its attorneys of record, and files this its Answer and Defenses to the

Plaintiff's Complaint, and would show unto the Court as follows, to-wit:

**FIRST DEFENSE**

Plaintiff's Complaint (hereinafter, "Complaint") fails to state a claim against this

Defendant for which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Defendant hereby pleads and affirmatively avails itself of any and all good faith defenses

available to it under Rules 12(b)(1) through 12(b)(7) of the Federal Rules Civil Procedure.

Defendant hereby preserves and specifically does not waive any defense which might be or become

available to it as discovery proceeds and the facts of the case develop.

**THIRD DEFENSE**

Defendant specifically reserves and invokes all other rights and defenses available,

including, but not limited to, those set forth in Rules 8(c), 12(b), 19 and 21 of the Federal Rules of

Civil Procedure; the Mississippi Code Annotated of 1972;  the United States Code, including but not limited to, 42 U.S.C. § 1983, § 1985, § 1986, and § 1988; and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FOURTH DEFENSE

## ANSWER

AND NOW, without waiving the right to be heard on the foregoing defenses, this Defendant would respond to Plaintiff's Complaint paragraph by paragraph as follows, to-wit:

## BACKGROUND

1. It is denied that Defendant violated Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

2. This Defendant is without sufficient information to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint   and there for denies the same.

3. Denied.

## PARTIES

4. This Defendant is without sufficient information to admit or deny the allegations in paragraph 4 of Plaintiff's Complaint   and there for denies the same.

5. Admitted.

6. The allegations contained in this paragraph of the Complaint are not directed to this Defendant and therefore do not require a response by this Defendant.  To the extent that a response is required, Defendant does not have information sufficient to form a belief as to allegations of this paragraph of the Complaint related to the existence or identities of any Doe Defendants related to the allegations of the Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. Admitted.

## FACTUAL ALLEGATIONS

11. This Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint and there for denies the same.

12. This Defendant is without sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint and there for denies the same.

13. Denied as stated.

14. This Defendant is without sufficient information to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint and there for denies the same.

15. Denied as stated.

16. Denied as stated.

17. Denied as stated.

18. This Defendant is without sufficient information to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint and there for denies the same.

19. This Defendant is without sufficient information to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint and there for denies the same.

20. This Defendant is without sufficient information to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint and there for denies the same.

21. Denied as stated.

22. Denied as stated.

## FIRST CAUSE OF ACTION
### Violation of Title II of The Americans with Disabilities Act

23. The Defendant realleges and incorporates its responses to the previous paragraphs of the

Plaintiff's Complaint.

24. Admitted.

25. Admitted.

26. Admitted.

27. This Defendant is without sufficient information to admit or deny the allegations in

paragraph 27 of Plaintiff's Complaint and there for denies the same.

28. Denied as stated.

29. Denied as stated.

30. Denied as stated.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## SECOND CAUSE OF ACTION
### Violation of Section 504 of the Rehabilitation Act of 1973

36. The Defendant realleges and incorporates its responses to the previous paragraphs of the

Plaintiff's Complaint.

37. Admitted

38. Admitted

39. Admitted

40. This Defendant is without sufficient information to admit or deny the allegations in paragraph 40 of Plaintiff's Complaint and there for denies the same.

41. Denied as stated.

42. Denied as stated.

43. Denied as stated.

44. Denied.

45. Denied.

46. Denied.

## PRAYER FOR RELIEF

In response to the last unnumbered paragraph beginning "WHEREFORE," it is expressly denied that Plaintiff is entitled to any judgment whatsoever against this Defendant.

    a) Denied

    b) Denied

    c) Denied

    d) Denied

## JURY TRIAL DEMANDED

The Defendant also demands a trial by jury.

## FIFTH DEFENSE

## AFFIRMATIVE DEFENSES

And now, having answered the allegations of the Complaint, paragraph by paragraph, Defendant would assert the following additional defenses and matters.

## FIRST AFFIRMATIVE DEFENSE

All allegations of Plaintiff's Complaint against Defendant not specifically admitted herein are denied.

## SECOND AFFIRMATIVE DEFENSE

Defendant possesses sovereign and qualified immunity herein from suit and/or liability and/or damages.

## THIRD AFFIRMATIVE DEFENSE

The conduct and/or omissions of third persons was the sole proximate cause of the incident and Maggie Russell's alleged injuries, if any.

## FOURTH AFFIRMATIVE DEFENSE

In the alternative, the acts or actions of other persons or entities for whom Defendant has no responsibility or liability constituted independent, intervening, and superseding causes of Plaintiff's damages, if any.  Accordingly, Plaintiff is entitled to recover nothing from this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation in the Complaint by which the Plaintiff seeks to impose liability upon it.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to, and hereby asserts, all rights, privileges, and immunities otherwise available to governmental or state actors.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads all applicable privileges and immunities under both state and federal law, including, but not limited to, the common law and statutory doctrines of sovereign immunity,

absolute immunity, and qualified immunity. Defendant is protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, attorney's fees, punitive damages, or any other damages as requested in the Plaintiff's Complaint.

### EIGTH AFFIRMATIVE DEFENSE

Maggie Russell's disability, disabilities, and/ or special needs were not a motivating factor in any of the actions or inactions of this Defendant alleged in Plaintiff's Complaint or otherwise; moreover, any change in programming or services available to Maggie Russell at or near the times complained of herein did not result from the action or inaction of Defendant. In the alternative, to the extent that Maggie Russell's disability is determined to have played any role whatsoever in Defendant's action or inaction affecting Plaintiff, the same decisions, actions, and inactions would have been made absent that factor.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate any damages. Any damages which could have been mitigated, but were not, are not recoverable.

### TENTH SIXTEENTH AFFIRMATIVE DEFENSE

At all times pertinent to this proceeding, Defendant acted in reliance upon then-existent law in good faith, without malice, reckless disregard, deliberate indifference, retaliatory motive or injurious intent, and is, therefore, entitled to immunity or a special good faith defense.

### ELEVENTH AFFIRMATIVE DEFENSE

All decisions made by Defendant in relation to Maggie Russell were educational decisions based upon reasoned education decision making and judgment, and, therefore, Defendant is immune and cannot be held liable for any damages Plaintiff claims as a result of any such decisions.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant would show that the Complaint, to the extent that Plaintiff seeks punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

Protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

The right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

The Fourteenth Amendment guarantee to equal protection under the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing Defendant on the basis of wealth.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which punitive damages may be awarded, and Defendant would further affirmatively show that Plaintiff is not entitled to recover punitive damages pursuant to 42 U.S.C. § 1983.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant acted as reasonable and prudent school officials at all times during the incident(s) alleged giving rise to the Plaintiff's Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the statutory prerequisites and to exhaust administrative remedies with respect to the claim(s) brought under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act and, therefore, such claims are procedurally barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff suffered from pre-existing injury and/or conditions not caused for contributed to by the complained-of incidents, and such damages are not recoverable herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its answer and defenses and to plead any additional defenses which may become apparent following the completion of additional discovery and/or other investigation.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff on the basis of a disability. Defendant had legitimate, non-discriminatory reasons for making any employment decision(s) regarding Plaintiff. Regarding Plaintiff's claim of disability discrimination, there was no reasonable accommodation that could be made by Defendant for Plaintiff without imposing an undue hardship on Defendant. Alternatively, Defendant offered Plaintiff an accommodation which she refused to accept.

## TWENTIETH AFFIRMATIVE DEFENSE

Alternatively, and notwithstanding its denial that Plaintiff's alleged protected status played any role in Defendant's alleged decision, even if such alleged protected status were found to have

been a motivating factor, Defendant would have engaged in the same conduct absent that fact and, therefore, Plaintiff has no action against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Alternatively, Defendant acted in good faith and had an objectively reasonable basis for believing its conduct did not violate the Americans with Disabilities Act, the Rehabilitation Act of 1973 or the Family and Medical Leave Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedy by failing to appeal the adverse order of the Board of Education.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory damages, attorneys' fees, and other remedies are limited by the applicable provisions of 42 U.S.C. §§ 12205, 2000e-5 and other applicable law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant's alleged conduct was not intentional, malicious or taken in reckless disregard of the statutory rights of Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer and Defenses to assert any additional defenses which may become available or apparent as this case develops.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to limitations provisions under or applicable to Title VII and ADA, 42 U.S.C. §2000e-5(e).

RESPECTFULLY SUBMITTED, this the 27th day of June, 2022.

**MISSISSIPPI GULF COAST
COMMUNITY COLLEGE,
DEFENDANT**

BY:   */s/ Kristi Rogers Brown*
                 OF COUNSEL

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for Defendant, do hereby certify that on this day, I electronically filed the foregoing Answer and Defenses of Defendant Mississippi Gulf Coast Community College with the Clerk of the Court using the CM/ECF system which sent notification of this filing to all counsel of record.

THIS, the 27th day of June, 2022.

*/s/ Kristi Rogers Brown*
OF COUNSEL

KRISTI R. BROWN - MS BAR #101989
*kbrown@danielcoker.com*
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE:  (228) 864-8117
FACSIMILE:   (228) 864-6331