IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAGGIE RUSSELL                                                                     PLAINTIFF

VS.                                  CIVIL ACTION NO. 1:22-cv-00086-TBM-RPM

MISSISSIPPI GULF COAST COMMUNITY              DEFENDANTS
COLLEGE through its Board of Trustees
(in their official and individual capacities) and
DOES 1-20; inclusive

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
NOTICE OF 30(b)(6) DEPOSITION OF MISSISSIPPI GULF COAST COMMUNITY
COLLEGE AND REQUESTS FOR PRODUCTION OF DOCUMENTS:**

COMES NOW, Defendant Mississippi Gulf Coast Community College, by and through its attorneys of record and files this its Response to Plaintiff's Notice of 30(b)(6) Deposition and Requests for Production of Documents as follows, to-wit:

**GENERAL OBJECTION**

This Defendant objects to the Notice of 30(b)(6) Deposition as being overly broad and burdensome as more specifically addressed for each area of inquiry sought. Further, the Defendant incorporates all statements, objections, and responses to Interrogatories and Requests for Production of Documents propounded by Plaintiff.

**EXHIBIT A TO NOTICE OF 30(B)(6)
DEPOSITION OF MISSISSIPPI GULF COAST COMMUNITY COLLEGE:**

**DEFINITIONS**

The Defendant objects to the Definitions paragraphs and all sub-paragraphs thereof to the extent they do not comply with the Federal Rules of Civil Procedure.

{D2068296.1}

## SUBJECTS OF EXAMINATION

1. MGCCC's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding its admissions process.

   **RESPONSE:** Objection. This Defendant objects to this area of inquiry to the extent that it is overly broad, unduly burdensome and vague. Without waiving the objection, Defendant designates Dr. Phillip Bonfanti to testify as to this area of inquiry.

2. MGCCC's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding the handling of students with disabilities.

   **RESPONSE:** Objection. This Defendant objects to this area of inquiry to the extent that it is overly broad, unduly burdensome and vague. Without waiving the objection, Defendant designates Dr. Phillip Bonfanti and Ms. Aimee McGehee to testify as to this area of inquiry.

3. MGCCC's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding the handling of any and all complaints made by students and/or the parent or guardian of a student concerning disabilities and/or accommodations for said disabilities.

   **RESPONSE:** Objection. This Defendant objects to this area of inquiry to the extent that it is overly broad, unduly burdensome and vague. Without waiving the objection, Defendant designates Dr. Phillip Bonfanti to testify as to this area of inquiry.

4. MGCCC's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding the handling of any and all accommodations for students with disabilities.

    a. How it is determined if any and/or what alternative courses may be offered;

    b. How it is determined if a course may be waived; and

    c. How it is determined what, if any, additional learning aids a student may utilize (i.e. a proctor, calculator, paper, pencil, note usage, visual aids, reattempts for testing)

**RESPONSE:** Objection. This Defendant objects to this area of inquiry to the extent that it is overly broad, unduly burdensome and vague. Without waiving the objection, Defendant designates Dr. Phillip Bonfanti to testify as to this area of inquiry.

5. The identities of the MGCCC employees that were directly involved in Plaintiff's disability accommodation decisions as referenced in the Complaint.

**RESPONSE:** Defendant designates Dr. Phillip Bonfanti to testify as to this area of inquiry.

6. MGCCC's administrative structure.

    a. Administrative structure of MGCCC's Dean's Office;

    b. Administrative structure of MGCCC's Enrollment Services Office;

    c. Administrative structure of MGCCC's Mathematics Department;

    d. Administrative structure of MGCCC's Graduation Application Office; and

{D2068296.1}

    e.  Administrative structure of MGCCC's office that handles student disability services.

**RESPONSE:** Defendant designates Dr. Phillip Bonfanti to testify as to this area of inquiry.

7. MGCCC's employees or representatives who negotiated with and made the "Resolution Agreement" with the U.S. Department of Education's Office of Civil Rights ("OCR") pertaining to Plaintiff.

**RESPONSE:** Defendant designates Dr. Jason Pugh to testify as to this area of inquiry.

8. Identities of the representatives of the OCR who negotiated with and made the "Resolution Agreement" with MGCCC pertaining to Plaintiff.

**RESPONSE:** To the extent that the Defendant can identify the representatives of OCR, Defendant designates Dr. Jason Pugh to testify as to this area of inquiry.

9. Process by which MGCCC considered a Plaintiff's disability when concerns were raised to its administration by the student and her parent regarding the MGCCC's Algebra course graduation requirement.

**RESPONSE:** This Defendant designates Dr. Phillip Bonfanti to testify as to this area of inquiry on behalf of the College.

10. How MGCCC considered Plaintiff's disabilities when deciding to deny Plaintiff's proposed accommodation requests concerning required Algebra courses.

**RESPONSE:** Objection. Defendant objects to the assertion that there was any denial of the Plaintiff's accommodation request and refers the Plaintiff to the Defendant's discovery response regarding the same. Without waiving this objection, Defendant designates Dr.

{D2068296.1}

Phillip Bonfanti to testify regarding MGCCC's consideration of Plaintiff's request for accommodation.

11. Details of accommodations MGCCC has offered to other students pertaining to its Algebra course requirement with the same or similar disabilities as Plaintiff.

    **RESPONSE:** Objection. Defendant objects to this line of inquiry to the extent that it would require the Defendant to disclose confidential information about the identities of students with disabilities in violation of federal law. Without waiving this objection, this Defendant designates Aimee McGehee to testify as to the general accommodations that MGCCC may have offered to other students regarding the subject of Algebra without disclosing the names or the identities any students.

12. MGCCC's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding how it is determined if a student is eligible for graduation for a Degree in Fine Arts.

    **RESPONSE:** Objection.  This Defendant objects to this area of inquiry to the extent that it is overly broad, unduly burdensome and vague.  Without waiving the objection, Defendant designates Dr. Phillip Bonfanti to testify as to this area of inquiry.

### REQUEST FOR PRODUCTION OF DOCUMENTS:

1. All documents referred to by the Deponent(s) or anyone assisting Deponent(s) in preparing for his or her testimony on the above deposition topics

    **RESPONSE:** Objection. The Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome. Defendant further objects to this request to the extent that it seeks information which is privileged, work product, and generated in

anticipation of litigation. Subject to and without waiving the objection, Defendant would refer the Plaintiff to the documents that were produced in response to Plaintiff's requests for production of documents.

RESPECTFULLY SUBMITTED, this the 14th day March, 2023.

                                            **MISSISSIPPI GULF COAST COMMUNITY COLLEGE, DEFENDANT**

                                            BY:    */s/ Kristi Rogers Brown*
                                                          OF COUNSEL

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for Defendant, do hereby certify that on this day, I electronically filed the foregoing *Defendant MGCCC's Responses to Plaintiff's Notice of 30(b)(6) Deposition and Requests for Production of Documents* with the Clerk of the Court using the CM/ECF system which sent notification to the following counsel of record:

| | |
|---|---|
| Keith Altman, Esq. | James Russell Segars, III, Esq. |
| Law Office of Keith Altman | The Diaz Law Firm, PLLC |
| 33228 West 12 Mile Road, Suite 375 | 208 Waterford Square, Suite 300 |
| Farmington Hills, MI 48331 | Madison, MS 39110 |
| *keithaltman@kaltmanlaw.com* | *tripp@msattorneys.com* |

.

THIS the 14th day of March, 2023.

                      BY:    */s/ Kristi Rogers Brown*
                                 OF COUNSEL

KRISTI ROGERS BROWN - MS BAR#101989
*kbrown@danielcoker.com*
C. HUNTER SALAMONE- MS BAR #106514
*hsalamone@danielcoker.com*
DANIEL COKER HORTON AND BELL, P.A.
1712 15th STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE:  (228) 864-8117
FACSIMILE: (228) 864-6331