IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAGGIE RUSSELL                                                                              PLAINTIFF

VS.                                                           CIVIL ACTION NO. 1:22-cv-00086-TBM-RPM

MISSISSIPPI GULF COAST COMMUNITY                                         DEFENDANTS
COLLEGE through its Board of Trustees
(in their official and individual capacities) and
DOES 1-20; inclusive

### DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Mississippi Gulf Coast Community College (hereinafter "MGCCC" or "College"), by and through counsel, and submits this Memorandum Brief in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support thereof would show unto the Court the following, to-wit:

**I.      INTRODUCTION**

Plaintiff's claims arise out of her enrollment at MGCCC. Maggie Russell filed her Complaint April 11, 2022, asserting claims pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 (Supp. 1991) and the Rehabilitation Act of 1973, §§504 and 505, as amended, 29 U.S.C. §§794 and 794a. [Doc. 1] Plaintiff alleges that MGCCC discriminated against her by denying her a degree and/or preventing her from graduating. Plaintiff further alleges that MGCCC failed to accommodate her based on her disability. [Doc. 1]

**II.     FACTUAL AND PROCEDURAL HISTORY**

At age three (3) Maggie Russell exhibited developmental delays including language, and motor skills. Exhibit "1" p. 13-14. Maggie was tested by the Gulfport School District and was

diagnosed with Asperger's Syndrome. *Id*. Maggie was enrolled at the Harrison County Child Development Center where she received speech and occupational therapies. *Id*. at. p. 15-16. Maggie was diagnosed with various learning disabilities throughout her childhood and including Autism and reading comprehension deficit. *Id*. As a result of these learning disabilities Maggie had an individualized educational plan throughout elementary and secondary school. Maggie graduated from Biloxi High School in May of 2015. Exhibit "2."

In August of 2015, Maggie enrolled at MGCCC to pursue an Associate of Arts degree. Maggie received accommodations for her learning disabilities while enrolled at MGCCC. These accommodations included having Ms. Aimee McGehee (Maggie's Guidance Counselor) read test questions aloud to her, extra time on tests, taking tests via pen and paper, and using a calculator. Exhibit "3" Ms. McGehee testified about these accommodations during her deposition. Exhibit "4" p. 20, ln. 3-5. Maggie completed 94 credit hours with a 3.59 grade point average. Exhibit "5"

Maggie successfully completed Beginning Algebra with the grade of "C." *Id.* Maggie enrolled in Intermediate Algebra but withdrew from that course with a failing grade. *Id.* Maggie then enrolled in College Algebra but withdrew. *Id.* Upon completion of College Algebra, or one of the reasonable accommodations offered, Maggie will be eligible for her Associate of Art degree.

Because of her struggles with algebra Maggie's mother, Susan Russell, requested a meeting with Dr. Suzana Brown, the Dean of Teaching and Learning. In the fall of 2017, Maggie and her mother met with Dr. Brown to discuss Plaintiff's difficulties in math. Exhibit "6" During this meeting, Dr. Brown specifically advised both Maggie and Susan Russell that Maggie should enroll in "MAT 1314" (College Algebra) taught by Clay McClendon instead of "MAT 1313"

(College Algebra) taught by Sam Napier. *Id*. "MAT 1314" is a four-hour course with a learning lab component that meets more frequently and moves at a slower pace than "MAT 1313," which is a three-hour course without a learning lab component. *Id.* However, Maggie instead decided to enroll in MAT 1313 in the Summer of 2018. *Id.*

On June 19, 2018, Susan Russell wrote to Dr. Suzana Brown to formally request that the College Algebra requirement be "waived and replaced." Exhibit "7" On July 10 and July 12, 2018, Dr. Suzana Brown called Susan Russell in response to her letter. Exhibit "6" On July 13, 2018, Dr. Brown met with Susan Russell and offered to place Maggie in College Algebra "MAT1314" which provided additional support and use of the learning lab. *Id.*

On July 7, 2018, Susan Russell filed a complaint with the United States Department of Education Office of Civil Rights (hereinafter "OCR"), alleging discrimination because the College refused to waive the College Algebra graduation requirement. Exhibit "8" MGCCC received notice of the OCR complaint by letter on or about September 24, 2018. Exhibit "9" p. 16. In response to the OCR Complaint Dr. Jason Pugh, Dr. Cedrick Bradley, Dr. Suzana Brown, and Dr. Jonathan Woodward had a telephone conversation with Craig Nydick, Civil Rights Attorney at OCR. *Id*. Mr. Nydick explained the resolution process to the representatives of MGCCC, and the College began working to resolve the Complaint. *Id*. at p. 17. A group of faculty and administration convened to consider the complaint and provide alternative courses. *Id*. at p. 7. On October 10, 2018, the College entered into a "Resolution Agreement" with OCR. Exhibit "10" The College offered Maggie four pathways to complete the required coursework and be eligible for graduation. The options offered were:

    A.    MAT1753- Quantitative Reasoning
    B.    Visual Basic Programming, Physical Science I (which was already completed), and Economics.
    C.    Visual Basic Programming, Physical Science I (which was already completed),

          and Statistics.
D.      College Algebra.

On October 11, 2018, Maggie, and Susan Russell, were notified of the Resolution and alternative options. Exhibit "11"

On October 11, 2018, in response to Susan Russell's email, Craig Nydick informed the Russells that "MGCCC's legal requirement is to provide a reasonable alternative to the College Algebra requirement. The agreement the College entered into with OCR ensures they met their legal requirement." Exhibit "12" Again, not happy with this response, Susan Russell appealed this decision to the Office of Civil Rights in Atlanta. That appeal was subsequently denied. Exhibit "13"

Susan Russell also sought assistance from Rebecca Warren and Disability Rights Mississippi who sent a letter to MGCCC on December 6, 2018. Exhibit "14" MGCCC responded to this letter on December 13, 2018. Exhibit "15" In the Spring of 2019, Maggie enrolled in, and successfully completed Economics. Exhibit "5." In addition to having already completed Physical Science I, the sole remaining graduation requirement was the completion of Visual Basic Programming pursuant to Option "B" of the Resolution Agreement with OCR. Exhibit "10" Maggie Russell has never enrolled in Visual Basic Programming at MGCCC.

On April 30, 2019, Maggie and her mother informed Aimee McGehee that Maggie would no longer continue at MGCCC and would instead transfer to William Carey University in Gulfport, Mississippi. Exhibit "16" Maggie testified that she did not enroll at William Carey University, because she felt that she could not meet the requirements. Exhibit "17," at p. 25, ln. 7-10. Eight months later, on December 4, 2019, Maggie was evaluated by Dr. Donna Burrowes, a local Clinical Psychologist in Gulfport, MS, and was diagnosed with Dyscalculia, a learning

disability which makes it difficult for her to understand and organize math symbols and numbers. Exhibit "18."

Maggie filed the instant lawsuit on April 11, 2022 [Doc. 1]. In an effort to resolve this dispute MGCCC offered Maggie a fifth option to complete the course requirements and obtain her Associate of Arts degree. On August 18, 2022, MGCCC offered Maggie the option to take Visual Basic Programming via the software program "Essential Education." Exhibit "19." This newly available program would allow Maggie to take the Visual Basic Programming Course at her own pace, in MGCCC's learning lab which is staffed by full time qualified instructors, and at no cost. Susan Russell acknowledged receipt of this option and declined the accommodation. Exhibit "1," at p. 90, ln. 6-13.

On July 27, 2022, Defendant timely answered the Complaint. [Doc. 7]. The parties have exchanged initial disclosures, written discovery, and depositions have been conducted.

## III.    MOTION FOR SUMMARY JUDGMENT

Plaintiff cannot show that there is any dispute as to a genuine issue of material fact. Despite alleging that MGCCC did not make reasonable accommodations for the Plaintiff, neither party disputes that MGCCC offered the Plaintiff three alternatives to complete the required coursework and graduate from MGCCC. Defendant is entitled to judgement as a matter of law as no genuine dispute of material fact exists in this case.

### A.    Summary Judgment Standard

The Federal Rules of Civil Procedure authorize the granting of summary judgment where there are no genuine issues of material fact as set forth in pertinent part in Rule 56(c), as follows:

> . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is

>entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.

Fed. R. Civ. P. 56(c).

A party seeking summary judgement must establish the absence of a genuine issue of material fact by providing the court with the basis of its motion and identifying the portions of the record in the case in support of its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 106 S. Ct. 2548; 91 L. Ed. 2d 265 (1986). In response, the non-moving party may set forth specific facts demonstrating that a genuine issue exists for trial. *Id.* at 324; see also *United Steel Workers, Etc. v. University of Alabama*, 599 F.2d 56 (5th Cir.1979). The Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Howard v. City of Greenwood*, 783 F.2d 1311 (5th Cir. 1986). The party opposing the motion may not rest upon mere allegations or denial in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). That is to say the non-moving party must go beyond the pleadings and his own affidavit, or by the "depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Thomas v. Harris County*, 784 F.2d 648 (5th Cir. 1986). "Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).

### B. MAGGIE RUSSELL IS NOT AN OTHERWISE QUALIFIED INDIVIDUAL WITH RESPECT TO THE REHABILITATION ACT:

Maggie Russell is not an "otherwise qualified individual" with respect to Section 504 of

the Rehabilitation Act, which provides:

> **No otherwise qualified individual with handicaps**...shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity, including those operated by a college, university, or other postsecondary institution, or a public system of higher education receiving Federal financial assistance.

In a section 504 case the United States Supreme Court held that "the statutory language prohibiting discrimination against an 'otherwise qualified handicapped individual' means qualified 'in spite' of [her] handicap, not qualified in all respects except for being handicapped." *Se. Cmty. Coll. v. Davis*, 442 U.S. 397, 398 (1979).

Here, the very issue before the Court is that Maggie Russell is not able, or willing, to meet the requirements to obtain an Associates of Art degree. Maggie herself even acknowledges that she did not meet the requirements of the degree plan. Exhibit "17," pp. 37-38, ln. 23-3. By definition, Maggie Russell is not an otherwise qualified individual and cannot recover on a claim of an alleged violation of Section 504 of the Rehabilitation Act and this claim should be dismissed with prejudice.

    **C.    ALL ACCOMODATIONS OFFERED TO MAGGIE RUSSELL WERE REASONABLE AND IN GOOD FAITH**

In the Complaint, Maggie alleges she suffers from Dyscalculia, and cannot successfully participate in math classes, such as College Algebra. [Doc. 1 ¶27 and 40]. Maggie claims that MGCCC failed to accommodate her dyscalculia and discriminated against her by failing to "provide her with any adequate substitution for College Algebra." [Doc. 1 ¶ ¶ 30, 33, 43 and 44]. However, it is undisputed that Maggie was not diagnosed with Dyscalculia until December 2019, a year after Maggie requested and received an accommodation regarding College Algebra.

Exhibit "18"

Plaintiff's first claim arises out of Title II of the Americans with Disabilities Act. Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 (Supp. 1991), which provides:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

To establish a violation of the ADA, "plaintiffs must demonstrate that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *United States v. Mississippi*, 400 F. Supp. 3d 546, 550 (S.D. Miss. 2019) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (citation omitted)).

Plaintiff's second claim is a violation of Section 504 the Rehabilitation Act of 1973, which prohibits disability discrimination by recipients of federal funding and provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance

29 U.S.C. § 794(a). Typically, the 5th Circuit considers claims made pursuant to Title II of the ADA and Section 504 *in pari materia*. *Clark v. Department of Public Safety* 63 F.4th 466 (5th Cir. 2023) (citing *Frame v. City of Arlington*, 657 F. 3d 215, 223 (5th Cir. 2011)

The gravamen of Maggie's complaint is the accommodations, or alternative courses, offered by MGCCC were unreasonable and violated both Title II of the Americans with

Disabilities Act and Section 504 of the Rehabilitation Act. Maggie seeks compensatory and punitive damages as well as attorney's fees, cost of suit and other relief. It is undisputed that Maggie suffers from Aspergers, Autism, and other learning disabilities. It is also undisputed that MGCCC offered reasonable accommodations to Maggie, during her enrollment and with respect to the substitution of courses in lieu of College Algebra.

Plaintiff's argument that MGCCC did not provide what she deems to be a reasonable alternative to College Algebra is without merit. In *McGregor v. Louisiana State University Bd. Of Sup'rs* 3 F.3d 850, 858 (5th Cir. 1993), the Fifth Circuit Court of Appeals recognized that "[t]he Supreme Court in *Davis* made clear that § 504 does not mandate that an educational institution 'lower or [ ] effect substantial modifications of standards to accommodate a handicapped person,' assuming such standards are reasonable. *Davis*, 442 U.S. at 423. "This rule was crafted in an effort to balance the institution's right to decide the basic requirements pertinent to its program and the handicapped student's right to participate. *McGregor*, 3 F. 3d at 858 (citing *Alexander v. Choate*, 469 U.S. 287, 300 (1985)).

When Maggie enrolled in college she knew that she would have to take College Algebra to get a degree. Exhibit "17" p. 30 ln. 10-12. Maggie completed Beginning Algebra with the grade of "C." Maggie enrolled in Intermediate Algebra, but withdrew failing and also enrolled but withdrew from College Algebra. Maggie was encouraged to enroll in a four-hour College Algebra class which meets more frequently, moves at a slower pace and requires time in the learning lab. Exhibit "6" However, Maggie chose to enroll in the three hour college algebra class in the summer of 2018. Dr. Brown inquired about the decision and was advised that Maggie decided to take the three hour class rather than the four hour class. *Id*.

The Fifth Circuit addressed the issue of the reasonableness of college accommodations in

*Campbell v. Lamar Institute of Technology*, 842 F.3d 375 (5th Cir. 2016). In *Campbell*, a Plaintiff brought suit against a college under both the ADA and Section 504 of the Rehabilitation Act for allegedly failing to accommodate his information processing disability. The Plaintiff sought an accommodation which would allow him to take an exam at the same time as the other students and then to take another exam (with different material) two weeks later with additional study time. The accommodation was denied. The Fifth Circuit held that the Rehabilitation Act discrimination claim turns on whether the institution discriminated against the student based on his disability. *Id*. at 379 (citations omitted).  "Discrimination includes failure to make reasonable accommodations." *Id*. at 380 (citations omitted).

Maggie is entitled to accommodations only if she can demonstrate that the accommodation constitutes a reasonable deviation from the usual requirements "which meet[] [her] special needs without sacrificing the integrity of the … program" *McGregor*, 3 F.3d at 858-59 (citing *Brennan v. Stewart* 834 F.2d 1248, 1261 (5th Cir. 1993).  When asked during the 30(b)(6) deposition of MGCCC, Dr. Philip Bonfonti testified that when Maggie requested a substitution of College Algebra "the college's responsibility was to find a substitute which allowed her to obtain the same skills as she would in College Algebra."  Exhibit "22" p. 29 Specifically, the college was concerned with making sure that Maggie obtained the skills required of a student earning an associate of arts degree. *Id*. at p. 34.  Dr. Bonfonti testified that "it's not a one-to-one; otherwise, it would be called College Algebra." *Id*. at p. 29 The college faculty went through the process of determining which courses Maggie could get the requisite skills and presented the offered accommodations. *Id*.  These efforts were to accommodate Maggie's request to substitute College Algebra without lowering the standards of the degree. *McGregor*, 3 F.3d at 858.  Maggie and Susan testified that they want MGCCC to award Maggie

an Associates of Art degree without her completing the necessary requirements. Exhibit "1" p. 81 ln 13-16; Exhibit 17 p. 52 ln 15-20.

Maggie seeks compensatory damages in this action. A student may only recover compensatory damages upon a showing of intentional discrimination. The Fifth Circuit held that "[w]hen the record is 'devoid of evidence of malice, ill-will, or efforts … to impede' a disabled student's progress, summary judgement must be granted in favor of the university. In such case, the Court must defer to the university's academic decision not to alter its program" *Campbell* 842 F.3d at 380 (citing *Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002)). The Court also held, "an institution is not bound to acquiesce in and implement every accommodation a disabled student demands." *Id.* at 381. "[A]n institution is not required to 'lower or [ ] effect substantial modifications of standards to accommodate a handicapped person,' if its standards are reasonable.". *Id*. (citing *Davis*, 442 U.S. at 423; see also 34 C.F.R. § 104.44(a)).

First, this case is clearly devoid of any ill-will on behalf the College. Plaintiff has not alleged any ill-will or malice as a result of her disabilities or accommodation requests on the part of MGCCC. MGCCC has offered Ms. Russell three alternative graduation pathways to obtain her degree without taking College Algebra. During Maggie's enrollment, her learning disabilities were accommodated by providing additional time to take tests, a counselor to read questions aloud to her, and pen and paper in lieu of computerized tests. Exhibit "4" at p 20, ln. 3-5. In an effort to resolve this lawsuit, and accommodate Maggie, MGCCC offered a fourth option for Maggie to complete the necessary coursework: the opportunity to take the Visual Basic Programming course at no cost, using new software, at her own pace, and with qualified instructors in the learning lab. Maggie and her mother declined this offer. Exhibit "1" at p. 90, ln.

6-13.

The 5th Circuit held that allowing a student to take two exams and have additional study time constitutes "lower[ing] the academic standards of the class." *Campbell* 842 F.3d at 381. Certainly, allowing a student to graduate without taking a required course, or suitable substitution, would constitute the same. As per the testimony from the Plaintiff and her mother, no option that the College could offer to the Russells would be accepted because the Russells refuse any option that would require the Plaintiff to take any additional classes. Exhibit "1" at p. 90, ln. 6-13.

The sole issue in this case is whether the course alternative options were reasonable. Again, the Fifth Circuit has held that "absent evidence of discriminatory intent or disparate impact, we must accord reasonable deference to the [institution's] academic decisions." *McGregor,* 3 F.3d at 859. On June 18, 2018, Maggie, through her mother Susan Russell, requested that the requirement of College Algebra be waived and replaced with a substitution and or a comparable course. Exhibit "6"  On July 7, 2018, Susan Russell filed a complaint with OCR alleging discrimination because MGCCC refused to waive the College Algebra requirement.  MGCCC, in conjunction with the OCR, developed three alternative pathways to graduation and entered into a resolution agreement which provided a reasonable accommodation for substituting College Algebra which would not fundamentally alter the nature of its program. On October 4, 2018, Maggie was advised of the accommodations.  Exhibit "1" at p. 54, ln. 13-19.  Unsatisfied with the offered courses, Susan Russell reached out to Craig Nydick, Civil Rights Attorney with OCR, and Mr. Nydick advised that "MGCCC's legal requirement is to provide a reasonable alternative to her college algebra requirement. Exhibit "12"  The agreement the College entered into with OCR ensures that they meet their legal requirement." Exhibit "12"

Maggie then sought assistance from Disability Rights Mississippi, and on December 6, 2018 correspondence from that organization to MGCCC advised that Maggie "has expressed that she would be able to complete Choice B as outlined in the agreement which includes completion of Visual Basic Programming, Physical Science I (which she has already completed), and Economics." Exhibit "19." On December 12, 2018, the College advised Disability Rights Mississippi that Maggie Russell would need to complete Visual Basic Programming as part of option "B" of the Resolution Agreement. It further advised that it would assist Maggie in registering for Visual Basic Programming before the Spring 2019 semester classes began. Exhibit "19." MGCCC also informed Disability Rights Mississippi that the prerequisites to the Visual Basic Programming course would be waived. Exhibit "20." Maggie enrolled in Economics during the Spring 2019 semester. Exhibit "5." Maggie successfully completed Economics. *Id.* However, she failed to enroll in Visual Basic Programing, which is the final course required to complete the requirements of option B, and thus, the requirements for graduation.

Maggie cannot show that the options offered to her were unreasonable. The Fifth Circuit has held that, "[a] disabled student does not have the right to [her] accommodation of preference." *E.E.O.C. v. Argo Distribution, LLC*, 555 F.3d 426, 471 (5th Cir. 2009). Maggie, and her mother, argue that the accommodations are unreasonable, but their opinions do not satisfy the burden in proving that the options offered by MGCCC were unreasonable. MGCCC submits that the Court should abide by the "reasonable deference" standard set forth in *McGregor* and *Campbell* and dismiss both of the Plaintiff's causes of action. *Campbell*, 842 F.3d at 381; *McGregor* 3 F.3d at 859.

Ultimately, the facts of this case demonstrate that the Defendant made a good faith effort

to accommodate the Plaintiff with respect to her disabilities. Neither party disputes that Ms. Russell was offered five graduation pathways, four of which did not require her to take College Algebra. MGCCC entered into a resolution agreement with the Department of Education's Office of Civil Rights, which approved the options offered to Ms. Russell as reasonable accommodations. MGCCC's accommodations satisfy the requirements under both Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

For the aforementioned reasons, no genuine dispute of material fact exists in this case, the options offered to Ms. Russell were reasonable, and both claims against MGCCC should be dismissed with prejudice.

## V.    PUNITIVE DAMAGES CLAIMS MUST BE DISMISSED

Punitive damages cannot be recovered in actions involving ADA or Rehabilitation Act claims. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Therefore, any and all punitive damages claims against the Defendant must be dismissed.

## VI.    CONCLUSION

When Plaintiff Maggie Russell requested that College Algebra be waived and another course be substituted MGCCC provided Maggie three options to obtain her Associates of Art degree. Plaintiff cannot show any dispute of material fact as to whether the accommodations offered by MGCCC were reasonable. It is undisputed that MGCCC offered accommodations for Maggie's disabilities. Maggie cannot show any evidence of malice, ill-will, or efforts on the part of MGCCC to impede her progress. The opposite is true, MGCCC offered support and accommodations throughout Maggie's tenure. As the Fifth Circuit held in *McGregor*, deference must be accorded to MGCCC in its decisions not to modify its program regarding academic decisions.  3 F.3d at 858.

MGCCC has met and even exceeded the standards of Title II of the Americans with Disabilities Act, and the Rehabilitation Act of 1973, §504. MGCCC has worked to assist Maggie in obtaining her degree, and is entitled to summary judgement as a matter of law.

RESPECTFULLY SUBMITTED, this the 24th day of April, 2023.

**MISSISSIPPI GULF COAST COMMUNITY COLLEGE, DEFENDANT**

BY:   */s/ Kristi Rogers Brown*
          OF COUNSEL

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2023, I electronically filed the forgoing *Motion for Summary Judgment* with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court:

SO CERTIFIED this the 24th day of April, 2023.


BY:     */s/ Kristi Rogers Brown*
        KRISTI ROGERS BROWN


KRISTI ROGERS BROWN - BAR # 101989
kbrown@danielcoker.com
C. HUNTER SALAMONE- BAR #106514
hsalamone@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
1712 15th STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE:  (228) 864-8117
FACSIMILE:   (228) 864-6331