# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

MAGGIE RUSSELL,

                                 Case No. 1:22-cv-00086-TBM-RPM

             *Plaintiff,*

v.

MISSISSIPPI GULF COAST
COMMUNITY COLLEGE through its
Board of Trustees, et al.,

             *Defendants.*

---

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT's MOTION FOR SUMMARY JUDGMENT (ECF 31)

---

Keith Altman, Esq. (*pro hac vice*)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

James Russell Segars, III, Esq. (MSB # 103605)
The Diaz Law Firm, PLLC
208 Waterford Square, Suite 300
Madison, MS 39110
Telephone: (601) 607-3456
tripp@diazlawfirm.com

*Attorneys for Plaintiff*

Dated: May 22, 2023

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

CONCISE STATEMENT OF ISSUES PRESENTED ....................................................... 1

I.   UNCONTESTED MATERIAL FACTS ...................................................................... 2

II.  STATEMENT OF ADDITIONAL MATERIAL FACTS ........................................... 6

III. ARGUMENT ................................................................................................................ 7

   A.  Plaintiff is an Otherwise Qualified Individual with Respect to the Rehabilitation
       Act .......................................................................................................................... 8

   B.  Accommodations Offered to Plaintiff Were Not Reasonable and Made in Good
       Faith...................................................................................................................... 12

   C.  Punitive Damages................................................................................................. 14

VI.  CONCLUSION ........................................................................................................... 14

CERTIFICATE OF COMPLIANCE ................................................................................. 16

CERTIFICATE OF SERVICE .......................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 835 (5th Cir. 2000) ........................................ 12

*Ball v. LeBlanc*, 792 F.3d 584, 596 & n.10 (5th Cir. 2015) ................................................. 8

*Brennan v. Stewart*, 834 F.2d 1248, 1259 (5th Cir. 1988) ............................................... 8, 9

*Chiari v. City of League City*, 920 F.2d 311, 315 (5th Cir. 1991) ................................... 10

*Credeur v. Louisiana*, 860 F.3d 785, 792 (5th Cir. 2017) .................................................... 9

*Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir. 2002) ...................... 8

*Delano-Pyle v. Victoria Cty*, 302 F.3d 567, 574 (5th Cir. 2002) ..................................... 14

*Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681,

   690 (5th Cir. 2017) ........................................................................................................... 13

*Doe v. Tex. A&M Univ.*, No. H-21-3728, 2022 U.S. Dist. LEXIS 183139, at *32 (S.D.

   Tex. Oct. 6, 2022) ............................................................................................................ 12

*Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735 (5th Cir. 1999) ................................... 13

*McGregor v. La. State Univ.*, 3 F.3d 850, 855 (5th Cir. 1993) ........................................... 9

*Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1033 (5th Cir. 2022) ..... 12, 13

*Rizzo v. Children's World Learning Centers, Inc.*, 173 F.3d 254, 261 (5th Cir. 1999) ...... 8

*Sedor v. Frank*, 42 F.3d 741, 746 (2d Cir. 1994) ........................................................ 10, 11

*Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 219 (5th Cir. 2018) . 9, 10, 11,

   13

*Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 505 (5th Cir. 2002) ............................ 11

*Whetstone v. Jefferson Par. Pub. Sch. Bd.*, No. 07-9704, 2012 U.S. Dist. LEXIS 41510, at

    *23 (E.D. La. Mar. 27, 2012) ........................................................................... 14

*Windham v. Harris County*, 875 F.3d 229 (5th Cir. 2017) ................................. 12

*Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999) ........................ 13

**Statutes**

29 U.S.C. § 794(a) .............................................................................................. 8

42 U.S.C. § 12102(1) .......................................................................................... 9

42 U.S.C. § 12132 .............................................................................................. 8

42 U.S.C. §12102(2)(A) ...................................................................................... 9

42 U.S.C. §12102(2)(B) ...................................................................................... 9

42 U.S.C. §12102(4)(A) ...................................................................................... 9

## CONCISE STATEMENT OF ISSUES PRESENTED

### Issues Presented

I.   The Court should deny Defendant's summary judgment in favor of Plaintiff's Title II of the Americans with Disabilities Act claims which includes failure to accommodate Plaintiff's qualified disability.

II.  The Court should deny Defendant's summary judgment in favor of Plaintiff's Section 504 of the Rehabilitation Act of 1973 claim which includes failure to accommodate Plaintiff's qualified disability.

## I.   UNCONTESTED MATERIAL FACTS

Plaintiff agrees with the below uncontested material facts as laid out by Defendant's Motion for Summary Judgment and supported by Defendant's attached and cited exhibits.

At age three (3) Maggie Russell exhibited developmental delays including language, and motor skills.

Maggie was tested by the Gulfport School District and was diagnosed with Asperger's Syndrome.

Maggie was enrolled at the Harrison County Child Development Center where she received speech and occupational therapies.

Maggie was diagnosed with various learning disabilities throughout her childhood and including Autism and reading comprehension deficit.

As a result of these learning disabilities Maggie had an individualized educational plan throughout elementary and secondary school.  Maggie graduated from Biloxi High School in May of 2015.

In August of 2015, Maggie enrolled at MGCCC to pursue an Associate of Arts degree.

Maggie received accommodations for her learning disabilities while enrolled at MGCCC.

These accommodations included having Ms. Aimee McGehee (Maggie's Guidance Counselor) read  test questions aloud to her, extra time on tests, taking tests

2

via pen and paper, and using a calculator.

Maggie completed 94 credit hours with a 3.59 grade point average.

Maggie successfully completed Beginning Algebra with the grade of "C."

Maggie enrolled in Intermediate Algebra but withdrew from that course with a failing grade.

Maggie then enrolled in College Algebra but withdrew.

Upon completion of College Algebra Maggie will be eligible for her Associate of Art degree.

Because of her struggles with algebra Maggie's mother, Susan Russell, requested a meeting with Dr. Suzana Brown, the Dean of Teaching and Learning.

In the fall of 2017, Maggie and her mother met with Dr. Brown to discuss Plaintiff's difficulties in math.

During this meeting, Dr. Brown specifically advised both Maggie and Susan Russell that Maggie should enroll in "MAT 1314" (College Algebra) taught by Clay McClendon instead of "MAT 1313" (College Algebra) taught by Sam Napier.

"MAT 1314" is a four-hour course with a learning lab component that meets more frequently and moves at a slower pace than "MAT 1313," which is a three-hour course without a learning lab component.

Maggie enrolled in MAT 1313 in the Summer of 2018.

On June 19, 2018, Susan Russell wrote to Dr. Suzana Brown to formally request that the College Algebra requirement be "waived and replaced".

On July 10 and July 12, 2018, Dr. Suzana Brown called Susan Russell in response

to her letter.

On July 13, 2018, Dr. Brown met with Susan Russell and offered to place Maggie in College Algebra "MAT1314" which provided additional support and use of the learning lab.

On July 7, 2018, Susan Russell filed a complaint with the United States Department of Education Office of Civil Rights (hereinafter "OCR"), alleging discrimination.

A group of faculty and administration convened to consider the complaint and provide alternative courses.

On October 10, 2018, the College entered into a "Resolution Agreement" with OCR.

The College offered Maggie four pathways to complete the required coursework and be eligible for graduation. The options offered were:

- A. MAT1753- Quantitative Reasoning
- B. Visual Basic Programming, Physical Science I (which was already completed), and Economics.
  Visual Basic Programming, Physical Science I (which was already completed) and Statistics.
- C. College Algebra.

On October 11, 2018, Maggie, and Susan Russell, were notified of the Resolution and alternative options.

Susan Russell appealed the OCR decision to the Office of Civil Rights in Atlanta.

That appeal was subsequently denied.

4

Susan Russell also sought assistance from Rebecca Warren and Disability Rights Mississippi who sent a letter to MGCCC on December 6, 2018.

MGCCC responded to this letter on December 13, 2018.

In the Spring of 2019, Maggie enrolled in, and successfully completed Economics.

In addition to having already completed Physical Science I, the sole remaining graduation requirement was the completion of Visual Basic Programming pursuant to Option "B" of the Resolution Agreement with OCR.

Maggie Russell has never enrolled in Visual Basic Programming at MGCCC.

On April 30, 2019, Maggie and her mother informed Aimee McGehee that Maggie would no longer continue at MGCCC and would instead transfer to William Carey University in Gulfport, Mississippi.

Maggie testified that she did not enroll at William Carey University, because she felt that she could not meet the requirements.

Eight months later, on December 4, 2019, Maggie was evaluated by Dr. Donna Burrowes, a local Clinical Psychologist in Gulfport, MS, and was diagnosed with Dyscalculia, a learning disability which makes it difficult for her to understand and organize math symbols and numbers.

Maggie filed the instant lawsuit on April 11, 2022.

In an effort to resolve this dispute MGCCC offered Maggie a fifth option to complete the course requirements and obtain her Associate of Arts degree.

On August 18, 2022, MGCCC offered Maggie the option to take Visual Basic

Programming via the software program "Essential Education."

This newly available program would allow Maggie to take the Visual Basic Programming Course at her own pace, in MGCCC's learning lab, which is staffed by full-time qualified instructors, and at no cost.

Susan Russell acknowledged receipt of this option and declined the accommodation.

On July 27, 2022, Defendant timely answered the Complaint. The parties have exchanged initial disclosures, written discovery, and depositions have been conducted.

## II.    STATEMENT OF ADDITIONAL MATERIAL FACTS

MGCCC failed to involve Plaintiff in the accommodation process. Defendants Exhibit "1" p. 57

MGCCC entered into a resolution agreement with the OCR regarding Plaintiff's education without the input or consent of Plaintiff. Defendants Exhibit "1" p. 57.

Plaintiff needed alternative options other than college algebra. Defendants Exhibit "17" p. 41.

Had Plaintiff been involved in the OCR process, she would not have agreed to the alternative options presented as they still contained algebra. Defendants Exhibit "10".

All options provided in the OCR Resolution Agreement entered into exclusively between MGCCC and the OCR had algebraic components. Defendants Exhibit "10".

McGehee on behalf of MGCCC testified that she believed that Plaintiff should have been involved in the process to determine reasonable accommodation. Defendants Exhibit "4" p. 22-23

McGehee went on to state that was surprised and found it hard to believe that Plaintiff wasn't involved. *Id.*

McGehee went on to further testify that MGCCC does not have a qualified individual that she is aware of in the learning center that has skills to help students cope with dyscalculia. Defendants Exhibit "4" p. 27.

College Algebra has not been determined to be an essential component of an associate in art degree as the faculty members as MGCCC controls the curriculum. Defendants Exhibit 9.

There is no state law that mandates that certain things must be in the curriculum. Defendants Exhibit 9, p.9.

The core curriculum changes by MGCCC staff on occasion. Defendants Exhibit 9. p. 10-11.

Plaintiff requested a waiver of the College Algebra course.

A waiver was never considered in light of Plaintiff's disabilities. Defendants Exhibit 9 p. 19.

To the best of Defendants knowledge, Plaintiff's disabilities were not taken into consideration when determining the reasonableness of accommodations or a course waiver. Id.

### III.    ARGUMENT

Plaintiff agrees with Defendant's analysis of the requirements of the Summary Judgement standard of review.

**A.      Plaintiff is an Otherwise Qualified Individual with Respect to the Rehabilitation Act**

Under § 504 of the Rehabilitation Act: [n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a). The Rehabilitation Act was enacted "'to ensure that handicapped individuals are not denied jobs or other benefits because of prejudiced attitudes or ignorance of others.'" *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir. 2002) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1259 (5th Cir. 1988)).

"The ADA is a federal anti-discrimination statute designed '[t]o provides a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Rizzo v. Children's World Learning Centers, Inc.*, 173 F.3d 254, 261 (5th Cir. 1999).

Similar to § 504 of the Rehabilitation Act, Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Under the Rehabilitation Act, an "individual with a disability" means any person who has a "disability," as that term is defined in the ADA. 29 U.S.C. § 794(a), *Ball v. LeBlanc*, 792 F.3d 584, 596 & n.10 (5th Cir. 2015). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities

of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). "[M]ajor life activities include . . . learning, reading, concentrating, thinking, . . . and working," as well as "the operation of a major bodily function, including . . . neurological, brain, . . . [and] endocrine . . . functions." 42 U.S.C. §12102(2)(A), 42 U.S.C. §12102(2)(B). The ADA mandates that "[t]he definition of disability . . . be construed in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of [the statute]." 42 U.S.C. §12102(4)(A). *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 219 (5th Cir. 2018).

In the present case, Plaintiff is an individual with autism and numerous learning disabilities including dyscalculia. Plaintiff's disabilities affect her major bodily functions including cognitive processing, reading comprehension and understanding mathematical equations. Plaintiff's disabilities affect her daily functioning. Plaintiff's disabilities are qualified under the ADA and 504 of the Rehabilitation Act.

To be "otherwise qualified" for a postsecondary education program, an individual with a disability must satisfy the program's "essential" requirements, with or without the aid of reasonable accommodations. *McGregor v. La. State Univ.*, 3 F.3d 850, 855 (5th Cir. 1993). A requirement is "essential" if "the nature of the program would be fundamentally altered" without it. *Credeur v. Louisiana*, 860 F.3d 785, 792 (5th Cir. 2017). By contrast, an individual does not need to satisfy non-essential program requirements to be "otherwise qualified." *Brennan v. Stewart*, 834 F.2d 1248, 1261-62 (5th Cir. 1988) (recognizing that the term "otherwise qualified" "cannot refer only to those already capable of meeting *all*

the requirements—or else no reasonable requirement could ever violate [Section] 504");
*Chiari v. City of League City*, 920 F.2d 311, 315 (5th Cir. 1991).

Plaintiff is an otherwise qualified individual. Plaintiff has completed all of the credit hours at MGCCC to complete her associate degree in art, with the exception of College Algebra. Due to Plaintiff's disabilities, Plaintiff is unable to complete College Algebra. MGCCC's College Algebra requirement is not an "essential" to the associate of art program. MGCCC alters its core curriculum from time to time. MGCCC faculty had the ability to offer Plaintiff a waiver of the course or to designate a different class that did not contain algebra for Plaintiff to complete her required hours. MGCCC did not provide Plaintiff will a single option that did not contain algebra in its course curriculum.

Notably, MGCCC has made no showing that College Algebra is an essential component of the associate art degree program. College Algebra is not required to be successful in an art profession.

An individual with a disability is excluded from, denied the benefits of, or otherwise subjected to discrimination under a program "solely by reason of . . . his disability" if: (1) there is a "causal connection" between his disability and the discriminatory action; and (2) his disability was "the only cause" of the discriminatory action. *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 222 (5th Cir. 2018), citing *Sedor v. Frank*, 42 F.3d 741, 746 (2d Cir. 1994).

Plaintiff was denied reasonable accommodation as a result of her disabilities. But for Plaintiff's disabilities, accommodation would not be required. As a result of her disabilities Plaintiff sought accommodations. MGCCC failed to take into consideration

Plaintiff's specific disabilities and bring forth reasonable accommodations that were appropriate for Plaintiff. Instead MGCCC provided "accommodations" to the Plaintiff that were discriminatory to the Plaintiff as she would need accommodations to the purported "reasonable" accommodations.

The causal connection between the individual's disability and the discriminatory action "need not be direct" in order to satisfy the "sole reason" requirement: it is sufficient that the disability caused the individual to do or not do something, which, in turn, caused the discriminatory action. *Id., citing Sedor*, 42 F.3d at 746. "[H]owever, to satisfy the 'solely' part of the 'solely by reason of' element, the disability must have been the *only* cause of the . . . conduct" that "trigger[ed]" the discriminatory action. *Id*. This standard conforms to our caselaw, which recognizes that the phrase "solely by reason of" requires an individual's disability to be more than "simply a 'motivating factor'" in the discriminatory action. *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 222 (5th Cir. 2018), citing *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 505 (5th Cir. 2002).

Plaintiff has shown that she is (1) a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion and discrimination is by reason of [her] disability.

To prove conscious discrimination under Title II, a plaintiff must show that his disability "play[ed] a role" in the defendant's "decision making process and [had] a determinative influence on the outcome." *Soledad*, 304 F.3d at 503-04 (quoting *Ahrens v.*

*Perot Sys. Corp.*, 205 F.3d 831, 835 (5th Cir. 2000), *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1033 (5th Cir. 2022).

Defendant MGCCC intentionally provided Plaintiff with "accommodations" that failed to take into consideration Plaintiff's limitations as a result of her disability. MGCCC has placed Plaintiff in a position in which she is unable to complete her associate degree in art due to a curriculum barrier that is not essential to the degree sought.

**B.     Accommodations Offered to Plaintiff Were Not Reasonable and Made in Good Faith**

The Fifth Circuit recognized that requesting and providing reasonable accommodations must be an interactive process. The court explained that "because the ADA does not require clairvoyance, the burden falls on the plaintiff to specifically identify the disability and resulting limitations, and to request accommodation in direct and specific terms." *Windham v. Harris County*, 875 F.3d 229 (5th Cir. 2017). The court noted that "a plaintiff need not request, or even know, the particular reasonable accommodation[s] he ultimately requires. That judgment 'is best determined through a flexible, interactive process' involving both the plaintiff and the public entity." *Id*. at 237 n. 11, *Doe v. Tex. A&M Univ.*, No. H-21-3728, 2022 U.S. Dist. LEXIS 183139, at *32 (S.D. Tex. Oct. 6, 2022).

Additionally, the plaintiff must allege that the public educational institution affirmatively refused to provide reasonable accommodations to allow the disabled student to participate in the program. *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through*

12

*Bd. of Trustees*, 855 F.3d 681, 690 (5th Cir. 2017), *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 225 (5th Cir. 2018).

As provided by the record, MGCCC failed to include Plaintiff or her mother in the accommodation process. Had MGCCC included Plaintiff or her mother in the accommodation process, it would have been expressed that the alternatives that were provided were additional barriers to Plaintiff receiving her art degree, not reasonable accommodations. Plaintiff is unable to complete College Algebra due solely to her disabilities. As a result of the OCR process, MGCCC entered into internal discussions to determine which courses Plaintiff should be required to complete which are supported by the capabilities of Plaintiff taking into consideration her disability and the accommodations that can be provided. MGCCC knowingly and intentionally failed to take into consideration Plaintiff's disabilities.

The court explained that in the employment context, we have noted that requesting and providing reasonable accommodations must be an "interactive process" that includes "the input of the employee as well as the employer." *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735 (5th Cir. 1999). That's for good reason. The objective of the reasonable accommodation requirement is to find a solution that works for both parties. The same is true in education. *Pickett v. Tex. Tech Univ. Health Scis. Ctr.,* 37 F.4th 1013 (5th Cir. 2022).

Schools are obliged to carefully weigh whether requested accommodations are "feasible" and "effective." *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999). That inquiry requires expertise that individual professors may not have. *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1033 (5th Cir. 2022).

The interactive process of accommodation cannot be overstated. MGCCC failed to include the Plaintiff and/or the Plaintiff's mother in determining what reasonable accommodation was in light of Plaintiff's disabilities. College Algebra has not been shown to be a core component of the associate degree in art. As such, Plaintiff is an otherwise qualified individual who has been discriminated against throughout the entirety of the accommodation process. MGCCC continues to intentionally discriminate against the Plaintiff as a result of her disabilities.

## C.   Punitive Damages

"A plaintiff asserting a private cause of action for violations of the ADA ... may only recover compensatory damages upon a showing of intentional discrimination." *Delano-Pyle v. Victoria Cty*, 302 F.3d 567, 574 (5th Cir. 2002), *Whetstone v. Jefferson Par. Pub. Sch. Bd.*, No. 07-9704, 2012 U.S. Dist. LEXIS 41510, at *23 (E.D. La. Mar. 27, 2012).

Plaintiff has successfully demonstrated that MGCCC has been and continues to operate intentionally and in bad faith with regard to Plaintiff's disability accommodations. MGCCC is not immune from punitive damages.

## VI.   CONCLUSION

Plaintiff respectfully prays to this honorable Court to deny Defendant's Motion for Summary Judgment in its entirety and set this matter for trial.

Dated: May 22, 2023          Respectfully Submitted,

By:      /s/ *Keith Altman*
           Keith Altman, Esq. (*pro hac vice*)
           Law Office of Keith Altman
           33228 West 12 Mile Road, Suite 375
           Farmington Hills, MI 48334
           Telephone: (248) 987-8929
           keithaltman@kaltmanlaw.com

           James Russell Segars, III, Esq. (MSB # 103605)
           The Diaz Law Firm, PLLC
           208 Waterford Square, Suite 300
           Madison, MS 39110
           Telephone: (601) 607-3456
           tripp@diazlawfirm.com

           *Attorneys for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Keith Altman, certify that this document complies with the local rules including: double-spaced; at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and 13 point. I also certify that it is the appropriate length.

Keith Altman, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I, Keith Altman, do hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record as listed in the Service List in effect on the date of electronic filing.

SO CERTIFIED, this 22nd day of May, 2023.

/s/ *Keith Altman*
Keith Altman, Esq.